UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UCASTV, INC.,

    Plaintiff,

v.                        Case No:   2:13-cv-815-FtM-38UAM

BENTON BRANDON and HENRY TRIPLER LARZELERE, JR.,

    Defendants.
_____/

### ORDER[1]

This matter comes before the Court *sua sponte* on a jurisdictional review of the Complaint. (Doc. #1). The Plaintiff, Ucastv, Inc. pleads diversity jurisdiction. The amount in controversy exceeds $75,000.00. Plaintiff, is a Florida Corporation with its principal place of business in Fort Myers, Florida. The Complaint states that the Defendants Benton Brandon and Henry Tripler Larzelere, Jr. are residents of Arkansas. (Doc. # 1, ¶¶ 4, 7).

"Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." Turner v. Pennsylvania Lumbermen's Mut. Fire Ins. Co., 2007 WL 3104930, *3-4 (M.D. Fla. Oct. 22, 2007) (citing McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002). A party's "domicile," rather than his or her residence, is determinative of citizenship for

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

diversity jurisdiction.  Turner, 2007 WL 3104930 at *3-4 (citing  Jagiella v. Jagiella, 647 F.2d 561, 563 (5th Cir. 1981); Combee v. Shell Oil Co., 615 F.2d 698, 700 (5th Cir. 1980). "Domicile" is not necessarily synonymous with "residence," and "one can reside in one place, but be domiciled in another."  Turner, 2007 WL 3104930 at *3-4 (citing Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48, 109 S. Ct. 1597, 104 L. Ed. 2d 29 (1989)).

"A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom."  Sunseri v. Macro Cellular Partners, 412 F.3d 1247, 1249 (11th Cir. 2005) (quotations and citations omitted). Once a person establishes domicile, it continues until the person establishes a new domicile, satisfying both the mental and physical requirements of domicile in a new state.  McDougald v. Jenson, 786 F.2d 1465, 1483 (11th Cir. 1986); Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974).  The party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction.  McCormick, 293 F.3d at 1257. Thus Lumbermen's has the burden of establishing plaintiffs' domicile in Georgia.  The factors considered in determining domicile include home ownership, driver's license, voting registration, location of family, location of business and where taxes are paid.  Turner, 2007 WL 3104930 at *3-4 (citing Jaisinghani v. Capital Cities/ABC, Inc., 973 F. Supp. 1450, 1453 (S.D. Fla. 1997)). While an individual's statements of intent are also considered in determining domicile, these subjective expressions "are usually accorded little weight when in conflict with the facts or when the question is close."  Jaisinghani, 973 F. Supp. at 1453 (citing Hendry v. Masonite Corp., 455 F.2d 955, 956 (5th Cir. 1972)).

No single factor is conclusive; rather, the Court looks to the "totality of the evidence." Jones v. Law Firm of Hill and Ponton, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001).

The Complaint pleads residency for the Defendants Brandon and Larzelere asserting the Defendants reside in Arkansas.  Therefore, the Complaint fails to establish the Defendants' domicile for diversity of citizenship purposes.  Thus, Plaintiff's Complaint will be dismissed without prejudice for leave to amend.  Failure to comply with this Order may result in the case being dismissed without further notice for failure to allege the Court's subject matter jurisdiction.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Complaint (Doc. #1) is **DISMISSED without prejudice**.  Plaintiff shall have up to and including **December 13, 2013** to file an amended complaint that properly alleges this Court's subject matter jurisdiction.

(2) The Clerk is directed to terminate any pending motions as moot.  The motions may be refiled once Plaintiff has established subject matter jurisdiction.

**DONE** and **ORDERED** in Fort Myers, Florida this 27th day of November, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record